**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FEDERAL EDUCATION
ASSOCIATION, *et al.*,

    *Plaintiffs*,

v.

DONALD J. TRUMP, *et al.*,

    *Defendants*.

Civil Action No. 1:25-cv-1362

**HEARING RESPECTFULLY
REQUESTED FOR WEEK OF
AUGUST 4**

---

**PLAINTIFFS' MOTION
FOR A PRELIMINARY INJUNCTION**

---

    For the reasons set forth in Plaintiffs' Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction and declarations filed herewith, Plaintiffs Federal Education Association, Federal Education Association Stateside Region, and Antilles Consolidated Education Association move this Court, pursuant to Fed. R. Civ. P. 65 and L. Civ. R. 65.1, to enter a preliminary injunction enjoining the Defendants other than Donald J. Trump from implementing or otherwise giving effect to Executive Order No. 14,251, Exclusions from Federal Labor-Management Programs, 90 Fed. Reg. 14,553 (March 27, 2025) ("EO 14,251"), with respect to Department of Defense Education Activity ("DODEA") schools in which Plaintiffs' members—and in which non-members within bargaining units, of which Plaintiffs were certified or recognized as the exclusive bargaining representatives before  Executive Order 14,251 was issued—work.

More specifically, Plaintiffs seek preliminary relief, in full force and effect until the final judgment in this action or until further order of this Court—or any order of the Court of Appeals for the District of Columbia Circuit, or of the United States Supreme Court staying, or dissolving this Preliminary Injunction—whichever occurs first:

(1) enjoining Defendants Hegseth and United States Department of Defense, their officers, agents, servants, employees and attorneys, and all persons who are in active concert or participation with them, from implementing or otherwise giving effect to Executive Order No. 14,251, Exclusions from Federal Labor-Management Programs, 90 Fed. Reg. 14,553 (March 27, 2025) ("EO 14,251"), with respect to Department of Defense Education Activity ("DODEA") schools in which Plaintiffs' members—and in which non-members within bargaining units, of which Plaintiffs were certified or recognized as the exclusive bargaining representatives before EO 14,251 was issued—work, including without limitation by:

(a) refusing to recognize Plaintiffs as exclusive representatives of bargaining unit employees or seeking to decertify Plaintiffs by reason of EO 14,251;

(b) abrogating, terminating, or otherwise treating as ineffective collective bargaining agreements ("CBAs") with Plaintiffs that were in effect at the time EO 14,251 issued;

(c) refusing to bargain with Plaintiffs as the certified or recognized exclusive representatives of DODEA bargaining units;

(d) failing to administer and remit to Plaintiffs payroll dues deductions authorized by members of Plaintiffs or refusing to process dues deduction requests;

(e) terminating, cancelling, or otherwise refusing to participate in grievance and arbitration proceedings under CBAs that were in effect at the time EO 14,251 issued,

including by cancelling arbitrators' contracts and/or refusing to pay arbitrators for work performed in such proceedings;

(f) refusing to bargain over the impact and implementation of actions taken within DODEA's statutory management rights that affect the terms and conditions of bargaining unit employees' employment;

(g) eliminating official time and the use of agency office space as required by CBAs reassigning employees who performed such official time;

(h) refusing to participate in proceedings before the Federal Labor Relations Authority; and

(i) failing to participate in the administration of emergency leave banks established under CBAs in force at the time EO 14,251 issued;

(2) enjoining Defendants Hegseth, United States Department of Defense, Charles Ezell, and Office of Personnel Management, their officers, agents, servants, employees and attorneys, and all persons who are in active concert or participation, from (a) implementing, enforcing, or otherwise giving effect to any guidance or direction that has already issued as to the implementation or enforcement of EO 14,251, including but not limited to the March 27 Memorandum from Charles Ezell to Heads and Acting Heads of Departments and Agencies entitled "Guidance on Executive Order Exclusions from Federal Labor-Management Programs"; and (b) from issuing any further such guidance (apart from the notice required in paragraph (4) below);

(3) ordering that Defendants Hegseth, United States Department of Defense, Charles Ezell, and Office of Personnel Management, their officers, agents, servants, employees and attorneys, and all persons who are in active concert or participation, rescind any and all guidance

3

or direction that has already issued as to the implementation or enforcement of EO 14,251, including but not limited to the March 27 Memorandum from Charles Ezell to Heads and Acting Heads of Departments and Agencies entitled "Guidance on Executive Order Exclusions from Federal Labor-Management Programs";

(4) directing Defendants Hegseth, United States Department of Defense, Charles Ezell, and Office of Personnel Management to provide written notice of this Order to the Plaintiffs' leadership, through usual DODEA channels of communication with exclusive representatives, and to all employees in bargaining units represented by the Plaintiffs;

(5) directing Defendants Hegseth, United States Department of Defense, Charles Ezell, and Office of Personnel Management, to file a status report within three days of the entry of this order, informing the Court of the status of their compliance with this Order, including by providing a copy of the written notice described above; and

(6) directing Plaintiffs to post with the Court $100 as security.

Respectfully submitted,

/s/ Philip A. Hostak
Philip A. Hostak
Jason Walta
  * Counsel of Record
Caitlin Rooney
National Education Association
1201 16th Street, NW
Washington, D.C. 20036
(202) 822-7035
phostak@nea.org
jwalta@nea.org
crooney@nea.org

*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2025, a true copy of the foregoing Motion for a Preliminary Injunction was filed electronically filed with the Clerk of Court using the CM/ECF system, and, because no counsel has yet appeared on behalf of the Defendants, was sent by first-class U.S. Mail to each of the Defendants and to the United States Attorney General and the United States Attorney for the District of Columbia at the following addresses:

Donald J. Trump
1600 Pennsylvania Avenue NW
Washington, D.C. 20500

Peter Hegseth
1000 Defense Pentagon
Washington, DC 20301

United States Department of Defense
1400 Defense Pentagon
Washington, DC 20301

Charles Ezell
1900 E Street NW
Washington, DC 20415

United States Office of Personnel
  Management
1900 E Street NW
Washington, DC 20415

Jeanine Ferris Pirro
Interim United States Attorney for the
  District of Columbia
U.S. Department of Justice
601 D Street, NW
Washington, DC 20530

Pamela Bondi
United States Attorney General
950 Pennsylvania Ave., NW
Washington,9 D.C. 20530

/s/Philip Hostak
Philip Hostak