UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL EDUCATION ASSOCIATION, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>DONALD J. TRUMP, et al., )<br><br>Defendants. ) | Civil Action No. 25-1362 (PLF) |

<u>ORDER</u>

The Court has scheduled oral argument to address the Plaintiffs' Motion for a Preliminary Injunction [Dkt. No. 22] for August 4, 2025 at 10:00 a.m. in Courtroom 29 in the William B. Bryant Annex to the E. Barrett Prettyman Courthouse at 333 Constitution Avenue N.W., Washington, D.C. 20001. In preparation for the argument, it is hereby

ORDERED that counsel shall be prepared to discuss the following:

1. As it relates to the plaintiffs' <u>ultra vires</u> claims, the parties disagree over whether the Court should consider the validity of Executive Order 14251 as it relates to (1) all of the agencies and subdivisions excluded from the Federal Service Labor-Management Relations Statute ("FSLMRS") or (2) only as it relates to the Department of Defense ("DoD") and Department of Defense Education Activity ("DODEA"). <u>See</u> Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction [Dkt. No. 27] at 16-18; Reply Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction [Dkt. No. 29] at 16-17. The parties shall be prepared to discuss whether the plaintiffs can succeed on their <u>ultra vires</u> claims even if

the defendants are able to show that the Executive Order's exclusion of the DoD and DODEA

from the FSLMRS is valid.  In other words, should the Court consider the Executive Order in its

entirety or only as it relates to the plaintiffs' members?

      2.  If the Court were to consider the Executive Order's exclusions from the

FSLMRS in their entirety as discussed above, does the Court's reasoning in Nat'l Treasury

Emps. Union v. Trump ("NTEU"), Civil Action No. 25-0935 (PLF), 2025 WL 1218044 (D.D.C.

Apr. 28, 2025), apply equally in this case and warrant granting plaintiffs' motion for a

preliminary injunction as to their ultra vires claims?

      3.  Should the Court's interpretation of "national security" be governed by the

Supreme Court's decision in Cole v. Young, 351 U.S. 536 (1956)?  See NTEU, 2025

WL 1218044, at *15-16.

      4.  The parties shall be prepared to discuss the details and any updates related to

the purported "reorganization" of the DODEA as it relates to the plaintiffs' allegations of

irreparable harm.  See Memorandum in Support of Plaintiffs' Motion for a Preliminary

Injunction [Dkt. No. 22-1] at 23-24, 43.

      SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 8/1/25